# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CONNECTED ORANGE LLC, | CIVIL ACTION NO. 7:25-cv-512 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Connected Orange LLC files this Complaint against Defendant Google LLC for infringement of U.S. Patent No. 8,341,088 ("the '088 patent"), U.S. Patent No. 9,703,453 ("the '453 patent"), U.S. Patent No. 9,924,448 ("the '448 patent"), U.S. Patent No. 9,955,347 ("the '347 patent"), and U.S. Patent No. 10,096,016 ("the '016 patent") (collectively, the "Asserted Patents").

## THE PARTIES

1.      Connected Orange LLC ("Connected Orange") is a Texas Limited Liability Company with a place of business at 900 Balcones Drive, Suite 100, Austin, TX 78731.

2.      On information and belief, Google LLC ("Google") is a Limited Liability Company organized under the laws of Delaware with a regular and established place of business in the Western District of Texas. On information and belief, Google may be served with process through its registered agent, the Corporation Service Company d/b/a CSC-Lawyers Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Google in this action because Google has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice. Google directly and/or through intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and/or advertising its products and/or services in Texas and the Western District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in Texas, and commits acts of infringement of Connected Orange's patents in this District by, among other things, supplying, distributing, developing, making, using, offering to sell, and/or selling Android, Android devices, including Pixel phones, which utilize Google Wallet, Google Pay, and/or Google Fast Pair Service, as well as Google Home and Nest devices.

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) at least because Google has committed acts of infringement and has a regular and established place of business in this District.

7.     Google maintains a significant physical presence in this Judicial District and employees many people in the District. On information and belief, Google or Google's affiliates

and subsidiaries have physical facilities and employees in Texas, including in the Western District of Texas. On information and belief, Google has one or more regular established places of business in the Western District of Texas, including at least at 500 West Second Street, Austin, Texas 78701; 601 West Second Street, Austin, Texas 78701, 901 East Fifth Street, Austin, Texas 78701; and 100 Congress Avenue, Austin, Texas 78701. As of 2021, Google's office presence in Austin was over 550,000 square feet on 500 West Second Street, 901 East Fifth Street, and 100 Congress Avenue. In March 2025, Google announced that by the end of 2025 it would occupy "sail" tower in Downtown Austin, also known as Block 185, a 35-story, 804,000-square-foot at 601 West Second Street, with a lease for the entire building that runs through 2038. Google's "Austin site has a diverse product area makeup with roles in Corporate Engineering, Google Cloud, People Operations, Fiber, Finance, Legal,  and more."[1] Google maintains two data center locations in Ellis County, Texas.[2]

8.      In May 2025, Google opened a Google Store at 11701 Domain Blvd, Austin, TX 78758. On information and belief, Google offers and sells products, including products accused of infringement, at that store.[3] On information and belief, Google has authorized retailers in this Judicial District that offer and sell products on its behalf in this District, including products accused of infringement herein. On information and belief, these include Best Buy, *e.g.*, 2511 W. Loop 250 N, Midland, TX, 79705, Target, *e.g.*, 4001 Midland Dr., Midland, TX 79707, and Walmart, *e.g.*, 4517 Midland Dr., Midland, TX 79707.

---

[1] https://www.google.com/about/careers/applications/locations/austin/.
[2] https://datacenters.google/locations/texas/.
[3] https://store.google.com/magazine/google-store-domainnorthside-austin?hl=en-US.

9.     Google currently employees approximately 2,000 employees in Austin. Furthermore, on Google's Careers website, careers.google.com, as of November 4, 2025, Google lists 126 open jobs for its Austin, Texas location.

10.    On information and belief, Google directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to the Western District of Texas in connection with its products and services as set forth in this Complaint.

## THE ASSERTED PATENTS

11.    Connected Orange is the sole and exclusive owner of all right, title, and interest in the Asserted Patents and holds the exclusive right to take all actions necessary to enforce its rights in, and to, the Asserted Patents, including the filing of this patent infringement lawsuit. Indeed, Connected Orange owns all substantial rights in the Asserted Patents, including the right to exclude others and to recover damages for all past, present, and future infringements.

12.    The '088 patent is entitled, "Multipurpose Electronic Payment Method and System." The '088 patent lawfully issued on December 25, 2012, and stems from U.S. Patent Application No. 11/631,172, which was filed on June 30, 2004.

13.    The '453 patent is entitled, "Image Display Apparatus and Processing Method for a Thumbnail Index Mode in a Device." The '453 patent lawfully issued on July 11, 2017, and steams from U.S. Patent Application No. 15/014,019,  which was filed February 3, 2016.

14.    The '448 patent is entitled, "Device for Short-Range Communication, Adapted to Provide Access to a Remote Service." The '448 patent lawfully issued on March 20, 2018, and stems from U.S. Patent Application No. 15/193,954, which was filed on June 27, 2016.

15.    The '347 patent is entitled, "Technique of Pairing In a Wireless Network." The '347 patent lawfully issued on April 24, 2018, and stems from U.S. Patent Application No. 14/763,406, which was filed on February 14, 2014.

16.    The '016 patent is entitled, "Method of Communicating and Transmitting a Message Relating to a Transaction of a Contactless Application, Associated Terminal, Secure Module and System." The '016 patent lawfully issued on October 9, 2018, and stems from U.S. Patent Application No. 12/593,663, which was filed on March 28, 2008.

17.    The claims of the Asserted Patents are directed to patent-eligible subject matter under 35 U.S.C. § 101. They are not directed to an abstract idea, and the technologies covered by the claims comprise systems and/or ordered combinations of features and functions that, at the time of invention, were not, alone or in combination, well-understood, routine, or conventional.

18.    Connected Orange is not presently aware of any products for which marking with the Asserted Patents was required and has complied with the requirements of 35 U.S.C. § 287 at least by filing this complaint and providing express notice, as described below.

**PRESUIT NOTICE**

19.    Connected Orange provided express notice of infringement of the Asserted Patents by representative Google products on August 28, 2025, prior to filing this lawsuit. Specifically, on August 28, 2025, Mitchell Rosenfeld, Manager of Connected Orange LLC, emailed a letter to Tim Kowalski, Senior Counsel, Head of Patent Transactions for Google, at timkow@google.com. Mr. Rosenfeld explained that Connected Orange had previously conducted discussions with Allied Security Trust ("AST") related to potential licensing of Connected Orange's patents to AST members, including Google. Because those discussions had stalled, Mr. Rosenfeld explained that Connected Orange wished to continue those discussions directly with Google. Mr. Rosenfeld

specifically identified each of the Asserted Patents, among others, and notified Google of their infringement by at least Pixel phones, Google Wallet, Google Pay, and/or Google Fast Pair Service, as well as Google Home and Nest devices. Neither Mr. Kowalski nor Google responded to Mr. Rosenfeld's letter.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,341,088)

20.    Connected Orange incorporates the preceding paragraphs herein by reference.

21.    This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

22.    Connected Orange is the owner of all substantial rights, title, and interest in and to the '088 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

23.    The '088 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on December 25, 2012, after full and fair examination.

24.    Google has infringed (and continues to infringe) one or more claims of the '088 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, Accused Products, which include (but are not limited to) Android wireless devices, including Pixel, which support Google Wallet and/or Google Pay.

***Direct Infringement (35 U.S.C. § 271(a))***

25.    Google directly infringes one or more claims of the '088 patent in this District and elsewhere in Texas and the United States.

26.    To this end, Google directly infringes, either by itself or via its agent(s), at least claim 1 of the '088 patent under 35 U.S.C. § 271(a) by using (including through testing or

demonstration), selling, offering to sell, and/or importing Accused Products. Furthermore, Google made and sold the Accused Products outside of the United States and either delivered those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivered the Accused Products outside of the United States, it did so intending and/or knowing that those products were destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '088 patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013).

27.     By way of illustration only, Google's Android wireless devices, including Pixel, which support Google Wallet and/or Google Pay, infringe claim 1 of the '088 patent as shown in the claim chart attached as Exhibit A.

***Indirect Infringement (Inducement – 35 U.S.C. § 271(b))***

28.     In addition and/or in the alternative to its direct infringements, Google has indirectly infringed one or more claims of the '088 patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

29.     At a minimum, Google had knowledge of the '088 patent and its infringements since notice was provided by Connected Orange and/or the filing of this complaint. Since receiving notice of its infringements, Google actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b) and continues to induce such infringement presently and into the future. Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '088 patent. On information and belief,

Google intended to cause and took affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the Accused Products (e.g., advertisements and instructive materials that promote the support and use of Google Wallet and/or Google Pay); creating and/or maintaining established distribution channels for the Accused Products into and within the United States; manufacturing the Accused Products in conformity with U.S. laws and regulations; distributing or making available datasheets supporting use of the Accused Products that promote their features, specifications, and applications; providing technical documentation and tools for the Accused Products, such as white papers, brochures, and/or manuals that describe how to implement support of Google Wallet and/or Google Pay; and/or by providing technical support and/or related services for the Accused Products to purchasers in the United States.

***Damages***

30.     Connected Orange has been damaged as a result of Google's infringing conduct described in this Count. Google is, thus, liable to Connected Orange in an amount that adequately compensates it for Google's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     On information and belief, despite having knowledge of the '088 patent and knowledge that it directly and/or indirectly infringes one or more claims of the '088 patent, Google has nevertheless continued its infringing conduct and has disregarded an objectively high likelihood of infringement. Google's infringing activities relative to the '088 patent have, thus, been, and continue to be, willful, wanton, and deliberate in disregard of Connected Orange's rights with respect to the '088 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 9,703,453)

32.     Connected Orange incorporates the preceding paragraphs herein by reference.

33.     This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

34.     Connected Orange is the owner of all substantial rights, title, and interest in and to the '453 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

35.     The '453 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on July 11, 2017, after full and fair examination.

36.     Google has infringed (and continues to infringe) one or more claims of the '453 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, Accused Products, which include (but are not limited to) display devices including Pixel 9, Pixel 9 Pro, Pixel 9 Pro XL, Pixel 9a, Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, Pixel 10 ProFold.

### *Direct Infringement (35 U.S.C. § 271(a))*

37.     Google directly infringes one or more claims of the '453 patent in this District and elsewhere in Texas and the United States.

38.     To this end, Google directly infringes, either by itself or via its agent(s), at least claim 1 of the '453 patent under 35 U.S.C. § 271(a) by using (including through testing or demonstration), selling, offering to sell, and/or importing Accused Products. Furthermore, Google made and sold the Accused Products outside of the United States and either delivered those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that

it delivered the Accused Products outside of the United States, it did so intending and/or knowing that those products were destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '453 patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013).

39.    By way of illustration only, Google's display devices including Pixel 9, Pixel 9 Pro, Pixel 9 Pro XL, Pixel 9a, Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, Pixel 10 ProFold, infringe claim 1 of the '453 patent as shown in the claim chart attached as Exhibit B.

***Indirect Infringement (Inducement – 35 U.S.C. § 271(b))***

40.    In addition and/or in the alternative to its direct infringements, Google has indirectly infringed one or more claims of the '453 patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

41.    At a minimum, Google had knowledge of the '453 patent and its infringements since notice was provided by Connected Orange and/or the filing of this complaint. Since receiving notice of its infringements, Google actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b) and continues to induce such infringement presently and into the future. Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '453 patent. On information and belief, Google intended to cause and took affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the Accused Products (e.g., advertisements and instructive materials that promote

the support and use of Pixel 9, Pixel 9 Pro, Pixel 9 Pro XL, Pixel 9a, Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, Pixel 10 ProFold); creating and/or maintaining established distribution channels for the Accused Products into and within the United States; manufacturing the Accused Products in conformity with U.S. laws and regulations; distributing or making available datasheets supporting use of the Accused Products that promote their features, specifications, and applications; providing technical documentation and tools for the Accused Products, such as white papers, brochures, and/or manuals that describe how to use Pixel 9, Pixel 9 Pro, Pixel 9 Pro XL, Pixel 9a, Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, Pixel 10 ProFold; and/or by providing technical support and/or related services for the Accused Products to purchasers in the United States.

*Damages*

42.    Connected Orange has been damaged as a result of Google's infringing conduct described in this Count. Google is, thus, liable to Connected Orange in an amount that adequately compensates it for Google's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.    On information and belief, despite having knowledge of the '453 patent and knowledge that it directly and/or indirectly infringes one or more claims of the '453 patent, Google has nevertheless continued its infringing conduct and has disregarded an objectively high likelihood of infringement. Google's infringing activities relative to the '453 patent have, thus, been, and continue to be, willful, wanton, and deliberate in disregard of Connected Orange's rights with respect to the '453 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 9,924,448)

44.    Connected Orange incorporates the preceding paragraphs herein by reference.

45.     This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

46.     Connected Orange is the owner of all substantial rights, title, and interest in and to the '448 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

47.     The '448 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on March 20, 2018, after full and fair examination.

48.     Google has infringed (and continues to infringe) one or more claims of the '448 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, Accused Products, which include (but are not limited to) Google Home and Nest devices, including Nest Hub (2nd gen) and Nest Hub Max, that utilize Google Assistant and/or the Google Home app.

***Direct Infringement (35 U.S.C. § 271(a))***

49.     Google directly infringes one or more claims of the '448 patent in this District and elsewhere in Texas and the United States.

50.     To this end, Google directly infringes, either by itself or via its agent(s), at least claim 1 of the '448 patent under 35 U.S.C. § 271(a) by using (including through testing or demonstration), selling, offering to sell, and/or importing Accused Products. Furthermore, Google made and sold the Accused Products outside of the United States and either delivered those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivered the Accused Products outside of the United States, it did so intending and/or knowing that those products were destined for the United States and/or designed and designated for sale in

the United States, thereby directly infringing the '448 patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013).

51.    By way of illustration only, the Accused Products, which include (but are not limited to) Google Home and Nest devices, including Nest Hub (2nd gen) and Nest Hub Max, that utilize Google Assistant and/or the Google Home app meet each and every element of claim 1 of the '448 patent as shown in the claim chart attached as Exhibit C.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

52.    In addition and/or in the alternative to its direct infringements, Google has indirectly infringed one or more claims of the '448 patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the Accused Products..

53.    At a minimum, Google had knowledge of the '448 patent and its infringements since notice was provided by Connected Orange and/or the filing of this complaint. Since receiving notice of its infringements, Google actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b) and continues to induce such infringement presently and into the future. Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '448 patent. On information and belief, Google intended to cause and took affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the Accused Products, including Google Home and Nest devices, including Nest Hub (2nd gen) and Nest Hub Max, that utilize Google Assistant and/or the Google Home app;

creating and/or maintaining established distribution channels for the Accused Products into and within the United States; manufacturing the Accused Products in conformity with U.S. laws and regulations; distributing or making available datasheets supporting use of the Accused Products that promote their features, specifications, and applications; providing technical documentation and tools for the Accused Products, such as white papers, brochures, and/or manuals that describe how to utilize Google Home and Nest devices, including Nest Hub (2nd gen) and Nest Hub Max, that utilize Google Assistant and/or the Google Home app; and/or by providing technical support and/or related services for the Accused Products to purchasers in the United States.

***Damages***

54.    Connected Orange has been damaged as a result of Google's infringing conduct described in this Count. Google is, thus, liable to Connected Orange in an amount that adequately compensates it for Google's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

55.    On information and belief, despite having knowledge of the '448 patent and knowledge that it directly and/or indirectly infringes one or more claims of the '448 patent, Google has nevertheless continued its infringing conduct and has disregarded an objectively high likelihood of infringement. Google's infringing activities relative to the '448 patent have, thus, been, and continue to be, willful, wanton, and deliberate in disregard of Connected Orange's rights with respect to the '448 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 9,955,347)

56.    Connected Orange incorporates the preceding paragraphs herein by reference.

57.    This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

58.     Connected Orange is the owner of all substantial rights, title, and interest in and to the '347 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

59.     The '347 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on April 24, 2018, after full and fair examination.

60.     Google has infringed (and continues to infringe) one or more claims of the '347 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, Accused Products, which include (but are not limited to) Google wireless devices such as Pixel 9, Pixel 9 Pro, Pixel 9 Pro XL, Pixel 9a, Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, Pixel 10 ProFold, which utilize Google's Fast Pair Service proprietary Bluetooth Low Energy pairing standard.

***Direct Infringement (35 U.S.C. § 271(a))***

61.     Google directly infringes one or more claims of the '347 patent in this District and elsewhere in Texas and the United States.

62.     To this end, Google directly infringes, either by itself or via its agent(s), at least claim 1 of the '347 patent under 35 U.S.C. § 271(a) by using (including through testing or demonstration), selling, offering to sell, and/or importing Accused Products. Furthermore, Google made and sold the Accused Products outside of the United States and either delivered those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivered the Accused Products outside of the United States, it did so intending and/or knowing that those products were destined for the United States and/or designed and designated for sale in

the United States, thereby directly infringing the '347 patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013).

63.     By way of illustration only, the Accused Products meet each and every element of claim 1 of the '347 patent, as shown in the claim chart attached as Exhibit D.

***Indirect Infringement (Inducement – 35 U.S.C. § 271(b))***

64.     In addition and/or in the alternative to its direct infringements, Google has indirectly infringed one or more claims of the '347 patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

65.     At a minimum, Google had knowledge of the '347 patent and its infringements since notice was provided by Connected Orange and/or the filing of this complaint. Since receiving notice of its infringements, Google actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b) and continues to induce such infringement presently and into the future. Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '347 patent. On information and belief, Google intended to cause and took affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the Accused Products (e.g., advertisements and instructive materials that promote the support and use of Google's Fast Pair Service proprietary Bluetooth Low Energy pairing standard.); creating and/or maintaining established distribution channels for the Accused Products into and within the United States; manufacturing the Accused Products in conformity with U.S.

laws and regulations; distributing or making available datasheets supporting use of the Accused Products that promote their features, specifications, and applications; providing technical documentation and tools for the Accused Products, such as white papers, brochures, and/or manuals that describe how to implement support of Google's Fast Pair Service proprietary Bluetooth Low Energy pairing standard.by the Accused Products; testing and certifying related to conformance with Google's Fast Pair Service proprietary Bluetooth Low Energy pairing standard. for Accused Products; and/or by providing technical support and/or related services for the Accused Products to purchasers in the United States.

***Damages***

66.     Connected Orange has been damaged as a result of Google's infringing conduct described in this Count. Google is, thus, liable to Connected Orange in an amount that adequately compensates it for Google's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

67.     On information and belief, despite having knowledge of the '347 patent and knowledge that it directly and/or indirectly infringes one or more claims of the '347 patent, Google has nevertheless continued its infringing conduct and has disregarded an objectively high likelihood of infringement. Google's infringing activities relative to the '347 patent have, thus, been, and continue to be, willful, wanton, and deliberate in disregard of Connected Orange's rights with respect to the '347 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT V
### (INFRINGEMENT OF U.S. PATENT NO. 10,096,016)

68.     Connected Orange incorporates the preceding paragraphs herein by reference.

69.     This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

70.     Connected Orange is the owner of all substantial rights, title, and interest in and to the '016 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

71.     The '016 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on October 9, 2018, after full and fair examination.

72.     Google has infringed (and continues to infringe) one or more claims of the '016 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, Accused Products, which include (but are not limited to) Android wireless devices, including Pixel, which support Google Wallet and/or Google Pay.

***Direct Infringement (35 U.S.C. § 271(a))***

73.     Google directly infringes one or more claims of the '016 patent in this District and elsewhere in Texas and the United States.

74.     To this end, Google directly infringes, either by itself or via its agent(s), at least claim 16 of the '016 patent under 35 U.S.C. § 271(a) by using (including through testing or demonstration), selling, offering to sell, and/or importing Accused Products. Furthermore, Google made and sold the Accused Products outside of the United States and either delivered those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivered the Accused Products outside of the United States, it did so intending and/or knowing that those products were destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '016 patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013).

*75.*    By way of illustration only, the Accused Products, Android wireless devices, including Pixel, which support Google Wallet and/or Google Pay meet each and every element of claim 1 of the '016 patent, as shown in the claim chart attached as Exhibit E.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

76.    In addition and/or in the alternative to its direct infringements, Google has indirectly infringed one or more claims of the '016 patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

77.    At a minimum, Google had knowledge of the '016 patent and its infringements since notice was provided by Connected Orange and/or the filing of this complaint. Since receiving notice of its infringements, Google actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b) and continues to induce such infringement presently and into the future. Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '016 patent. On information and belief, Google intended to cause and took affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the Accused Products (e.g., advertisements and instructive materials that promote the support and use of Android wireless devices, including Pixel, which support Google Wallet, and/or Google Pay.); creating and/or maintaining established distribution channels for the Accused Products into and within the United States; manufacturing the Accused Products in conformity with U.S. laws and regulations; distributing or making available datasheets supporting use of the

Accused Products that promote their features, specifications, and applications; providing technical documentation and tools for the Accused Products, such as white papers, brochures, and/or manuals that describe how to use Android smart phones, including Pixel, which support Google Wallet, and/or Google Pay; and/or by providing technical support and/or related services for the Accused Products to purchasers in the United States.

***Damages***

78.    Connected Orange has been damaged as a result of Google's infringing conduct described in this Count. Google is, thus, liable to Connected Orange in an amount that adequately compensates it for Google's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

79.    On information and belief, despite having knowledge of the '016 patent and knowledge that it directly and/or indirectly infringes one or more claims of the '016 patent, Google has nevertheless continued its infringing conduct and has disregarded an objectively high likelihood of infringement. Google's infringing activities relative to the '016 patent have, thus, been, and continue to be, willful, wanton, and deliberate in disregard of Connected Orange's rights with respect to the '016 patent, justifying enhanced damages under 35 U.S.C. § 284.

## WILLFUL INFRINGEMENT

80.    Google was placed on notice of its infringement prior to the filing of this complaint through at least a letter emailed from Mitchell Rosenfeld, Manager of Connected Orange, LLC to Tim Kowalski, Senior Counsel, Head of Patent Transactions for Google on August 28, 2025, yet Google ignored the notice of infringement. On information and belief, Google knew of the Asserted Patents' scope, yet continued to manufacture, use, and sell infringing products. At the very least, Google was (and is) willfully blind to the Asserted Patents and its application to the

Accused Products. For at least these reasons, Google's infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of Connected Orange's rights with respect to the Asserted Patents, justifying enhanced damages under 35 U.S.C. § 284. Based on Google's history of ignoring the notice of infringement, it is believed that Google will continue willfully infringing even after the filing of this lawsuit, and regardless of any jury verdict or appeal. Thus, Google has committed and/or will commit pre-suit, post-suit, post-verdict, and post-appeal willful infringement.

## CONCLUSION

81.    Connected Orange is entitled to recover from Google the damages sustained by Connected Orange as a result of Google's wrongful acts and willful infringements in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

82.    Connected Orange has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and, in such case, Connected Orange is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

Connected Orange hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Connected Orange respectfully requests that the Court find in its favor and against Google, and that the Court grant Connected Orange the following relief:

(i)     Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Google;

(ii)    Judgment that one or more claims of the Asserted Patents have been willfully infringed, either literally and/or under the doctrine of equivalents, by Google;

(iii)   Judgment that Google account for and pay to Connected Orange all damages and costs incurred by Connected Orange because of Google's infringements and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

(iv)    Judgment that Google account for and pay to Connected Orange a reasonable, ongoing, post-judgment royalty because of Google's infringements, including continuing infringing activities, and other conduct complained of herein;

(v)     Judgment that Connected Orange be granted pre-judgment and post-judgment interest on the damages caused by Google's infringements and other conduct complained of herein;

(vi)    Judgment that this case is exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

(vii)   Such other and further relief as the Court deems just and equitable.


Dated: November 4, 2025                         Respectfully submitted,

                                                /s/ *Patrick J. Conroy*
                                                Patrick J. Conroy
                                                Texas Bar No. 24012448
                                                Justin B. Kimble
                                                Texas Bar No. 24036909
                                                David T. DeZern
                                                Texas Bar No. 24059677
                                                **Nelson Bumgardner Conroy PC**
                                                2727 N. Harwood St.

Suite 250
Dallas, TX 75201
Tel: (214) 446-4950
pat@nelbum.com
justin@nelbum.com
david@nelbum.com

Jinming Zhang
Virginia Bar No. 96210
**Nelson Bumgardner Conroy PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Tel: (312) 256-5334
jinming@nelbum.com


Attorneys for Plaintiff
**CONNECTED ORANGE LLC**